UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JEFFREY RICHARDSON,

        Petitioner,

        -against-

MICHAEL CAPRA,

        Respondent.
---------------------------------------------------------------X

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**

17-CV-0762 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Jeffrey Richardson ("Petitioner"), appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction of June 3, 2002, in Kings County, New York, for murder in the second degree. By Memorandum and Order dated February 15, 2017 ("February Order"), the Court granted Petitioner's request to proceed *in forma pauperis* and directed Petitioner to show cause why the petition should not be barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

On March 13, 2017, Petitioner filed an Affirmation. Petitioner argues the death of his father in 2006, miseducation or ignorance of the law on timeliness, insufficient legal fees, and "fear of future injustices stemming from trial and direct appeal" prevented him from filing a timely petition. *See* Pet'r's Affirmation at 1, ECF No. 5. Petitioner also asserts that he is "actually innocent." *Id.* at 2. However, the bulk of Petitioner's Affirmation and the accompanying exhibits challenges his conviction based on the use of an accomplice's testimony. *Id.* at 3–5, Exs. A, C, D & E, ECF Nos. No. 5-1, 5-3, 5-4, 5-5. Petitioner's Affirmation does not provide a basis for tolling the statute of limitations and therefore the Petition is DISMISSED as time-barred for the reasons set forth below.

1

## BACKGROUND

On June 3, 2002, Petitioner was sentenced to 25 years to life imprisonment in the Supreme Court of the State of New York, Kings County, for murder in the second degree. Pet. ¶¶ 1–5, ECF No. 1. On November 15, 2004, the Appellate Division affirmed the conviction, *People v. Richardson*, 12 A.D.3d 537 (2d Dep't 2004), and the New York Court of Appeals denied leave to appeal on January 13, 2005, *People v. Richardson*, 4 N.Y.3d 767 (2005). Petitioner did not file a writ of certiorari to the United States Supreme Court. Pet. ¶ 9(h).

## DISCUSSION

With the passage of the AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). Under subsection (A),[1] the instant Petition is untimely. A conviction becomes final upon expiration of the 90-day period for seeking a writ of certiorari.

---

[1] Petitioner does not state any facts to conclude that subsections (B)–(D) are applicable.

*Saunders v. Senkowski*, 587 F.3d 543, 549–49 (2d Cir. 2009); *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001). In order to be timely, Petitioner would have had to have filed the Petition on or before April 13, 2006. The Petition, however, is dated January 27, 2017; was placed in the prison mailing system on February 3, 2017, *see* Pet. at 14; and was filed well after the one-year limitations period had already expired. Therefore, unless the Petitioner can show that the one-year statute of limitations period should be tolled, the Petition is barred by 28 U.S.C. § 2244(d) as untimely.

### A. Statutory Tolling

As set forth in the Court's February Order, Petitioner is not entitled to statutory tolling. In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). On June 21, 2012, Petitioner filed in state court a writ of *error coram nobis*, which was denied on February 6, 2013. Pet. ¶ 11. Petitioner also filed a post-conviction motion ("440 motion") which was denied on November 2, 2015. *Id.* Neither of these proceedings started the one-year period to run anew. *Evans v. Senkowski*, 228 F.Supp.2d 254, 260 (E.D.N.Y. 2002) (Wexler, J.). Moreover, none of the post-conviction motions were filed before the limitation period expired on April 13, 2006, and therefore these motions cannot be counted for purposes of statutory tolling. *See Smith v. McGinnis*, 208 F.3d 13, 15 (2d Cir. 2000).

### B. Equitable Tolling

The limitations period may also be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

3

prevented timely filing." (internal quotation marks omitted)); *Harper v. Ercole*, 648 F.3d 132, 136–38 (2d Cir. 2011). The Second Circuit has established a "high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011). Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Petitioner is responsible for showing that such circumstances exist. *Muller v. Greiner*, 139 F. App'x 344, 345 (2d Cir. 2005) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

The Court already addressed Petitioner's arguments that he was "miseducated" and could not pay for a lawyer, *see* February Order, ECF No. 4; Pet. ¶ 18, and noted district courts have found these circumstances not to be extraordinary so as to warrant equitable tolling. *Romero v. Ercole*, No. 08 CV 4983, 2009 WL 1181260, at *5 (E.D.N.Y. Apr. 30, 2009) (Mauskopf, J.); *Hill v. Superintendent Gowanda Corr. Facility*, 08-CV-4508, 2009 WL 560690, at *3 (E.D.N.Y. Mar. 4, 2009) (Ross, J.) (citing cases); *Ruiz v. Poole*, 566 F.Supp.2d 336, 338–39 (S.D.N.Y. 2008) (Holwell, J.). Petitioner's Affirmation does not provide any additional information to support equitable tolling on these grounds. Therefore, the Court finds that these circumstances are not extraordinary and do not warrant equitable tolling.

Petitioner's new arguments do not entitle Petitioner to equitable tolling. Petitioner does not provide any facts to show that the death of his father or his perceived "fear of future injustices" actually prevented him from filing a timely petition.

As to Petitioner's claim of actual innocence, the Supreme Court has recognized an actual innocence exception to the AEDPA's period of limitations. *McQuiggen v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see also Rivas v. Fischer*, 687 F.3d 514 (2d Cir. 2012). "[A] claim of actual innocence must be both 'credible' and 'compelling.'" *Rivas*, 687 F.3d at 541 (citing *House v. Bell*, 547 U.S. 518, 521, 538 (2006); *see also Schlup v. Delo*, 513 U.S. 298, 316 (1995). A credible claim of actual innocence consists of "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-*that was not presented at trial.*" *Schlup*, 513 U.S. at 324 (emphasis added); *see also House*, 547 U.S. at 537; *Rivas*, 687 F.3d at 541. "For the claim to be 'compelling,' the petitioner must demonstrate that 'more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt —or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *Id.* (quoting *House*, 547 U.S. at 538).

Here, Petitioner provides no facts to support his actual innocence claim. Instead, Petitioner argues that although the trial court correctly charged the jury regarding an accomplice's testimony, *see* ECF No. 5-5, Petitioner alleges that the jury disregarded the charge and unlawfully credited the accomplice's testimony. Nothing in Petitioner's Affirmation supports an actual innocence claim. Therefore, Petitioner does not provide any facts to support equitable tolling of the limitations period.

## CONCLUSION

Accordingly, the Petition for a writ of habeas corpus is dismissed as time-barred pursuant to under 28 U.S.C. § 2244(d). As Petitioner has not made a substantial showing of the denial of constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is directed to enter judgment and close this case.

**SO ORDERED.**

Dated: March 29, 2017
       Brooklyn, New York

s/ WFK
WILLIAM F. KUNTZ, II
United States District Judge